Andrew Squire (AS 6696)
Attorney for Plaintiff "R"Best Produce Inc.
782 West End Avenue, Apt. 93
New York NY 10025
212 864 6790

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

**"R" BEST PRODUCE INC.,**

                Plaintiff,

    - against -                **COMPLAINT**

**MARK HILL d/b/a HARVEST MARKETING,**

                Defendant.

--------------------------------------------------------x

05 CV 7922

## COMPLAINT

Plaintiff, "R" Best Produce Inc. ("RBest"), by its attorney Andrew Squire, Esq., as and for its complaint against defendant,, pursuant to FRCP Rule 15(a), alleges as follows:

### Jurisdiction and Venue

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), 28 U.S.C. § 1331 and 28 U.S.C. §1332.

2. Venue is this District based on 28 U.S.C. § 1391 in the (a) plaintiff's claim arose in this District and (b) plaintiff transacts and conducts business is in this District and (c) the parties agreed to venue in this district pursuant to paragraph 15 of RBest's Standard Sales Terms set forth in writing on the back of each invoice ("RBest's Standard Sales Terms").

### Nature of Action

3. This is an action brought by "RBest" to recover monies due and owing by Mark Hill d/b/a Harvest Marketing ("Mark") pursuant to the Perishable Agricultural Commodities Act of 1930, as amended ("PACA"), and pursuant to an agreement for the sale by RBest to Mark of wholesale quantities of

perishable agricultural commodities, including but not limited to produce, fruit and vegetables ("Produce"), pursuant to RBest's Standard Sales Terms. Mark has failed and refused to remit the unpaid balance in the principal sum of $8,815.40 plus late fees and legal fees in the agreed sum of $2,203.85 for the agreed total sum of $11,109.25 due and owing to RBest, despite due demand thereof.

## The Parties

4. Plaintiff RBest, a corporation, duly organized and existing under the laws of the State of New York, which maintains its principal place of business at 220 Food Centre Drive, Bronx, New York, 10474, is engaged in the business of selling Produce in interstate commence and is a licensed dealer under PACA.

5. Mark, an individual residing at 1495 West Port Turnpike, Fairfield, CT, 06430 and having an address for the conduct and transaction of business at 1561 Post Road, Fairfield CT, 06430, is and was at all times pertinent herein a dealer and commission merchant and subject to and licensed under the trust provisions of the PACA as a dealer and commission merchant.

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

7. Between in or about August 15, 2004, and in or about October 15, 2004, at defendant' special instance and request, plaintiff periodically sold and delivered Produce to Food Market and Certified Foods, in interstate commerce, for the sum total of $8,815.40 ("debt"), which, to date, remains unpaid.

8. Defendant received and accepted the said Produce from plaintiff without objection and resold the said Produce in defendant's ordinary course of business.

9. At the time of receipt and acceptance of said the Produce, plaintiff became a beneficiary in a statutory trust designated to assure payment to Produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds co-mingled with funds from other sources and all assets procured by such funds, in the possession or control of defendant since the creation of the trust.

10. RBest preserved its interest in the PACA trust for the Debt in the amount of $8,815.40 and remains a beneficiary until full payment of the Debt is made for the said Produce.

11. Defendant have not disputed the Debt in any way and have promised to pay pursuant to a payment schedule incorporated by reference into the body of a written Amended Stipulation of Agreement made as of the 3rd day of May, 2005, but to date have not done so.

## Count 1
### (Failure to Pay From PACA Trust Funds)

12. RBest incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendant to make payment of the Debt to plaintiff of trust funds in the amount of $8,815.40 from the statutory trust is a violation of the PACA trust and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests on order enforcing payment from the trust by requiring immediate payment of $8,815.40 plus late fees and legal fees in the agreed sum of $2,203.85 for a sum total of $11,109.25, by defendant to plaintiff.

## Count 2
### (Failure to Pay for Goods Sold and Delivered)

14. RBest incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendant failed and refused to pay RBest $8,815.40 plus late fees and legal fees in the agreed sum of $2,203.85 for a sum total of $11,109.25 owed to plaintiff for produce sold and delivered to defendant by plaintiff.

WHEREFORE, RBest requests judgment in the amount of $8,815.40 plus late fees and legal fees in the agreed sum of $2,203.85 for a sum total of $11,109.25 against defendant.

## Count 3
### (Unlawful Dissipation of PACA Trust Assets by Mark.)

16. RBest incorporates each and every allegation set forth in paragraph 1 to 15 above as if fully set forth herein.

17. Defendant, Mark, was and is a sole proprietor, who operated and conducted business under the assumed name "Harvest Marketing", and was and is in a position of control over the PACA trust assets of RBest during the period of time in question.

18. Defendant, Mark, failed to direct Harvest Marketing to fulfill its statutory duties to preserve PACA trust assets and pay RBest for the Produce it supplied.

19. Defendant Mark's failure to direct Harvest Marketing to maintain PACA trust assets and pay RBest for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

20. As a result of said unlawful dissipation of trust assets, RBest has been deprived of its rights as a beneficiary in the Produce trust and has been denied payment for the product it supplied.

WHEREFORE, plaintiff requests judgment against defendant Mark, in the amount of $8,815.40 plus late fees and legal fees in the agreed sum of $2,203.85 for a sum total of $11,109.25.

## Count 4
### (Account Stated)

21. RBest incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. Between in or about August 15, 2004, and in or about October 15, 2004, RBest sent periodic statements to defendant.

23. In or about October, 2004, RBest furnished defendant with a statement of account for the sum of $8,815.40 plus late fees and legal fees in the agreed sum of $2,203.85 for a sum total of $11,109.25 which had been received and accepted by defendant' without protest or objection.

24. By reason of the foregoing an account was stated between the parties for the sum of $11,109.25 which sum defendant failed and refused to pay to RBest despite repeated demands for payment.

WHEREFORE, RBest requests judgment in the amount of $11,019.25.

### Count 5
### (Breach of Contract)

25. RBest incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. By reason of defendant's' breach of contract and/or contracts heretofore made with RBest plaintiff has been damaged in the sum of $8,815.40 plus late fees and legal fees in the agreed sum of $2,203.85 for a sum total of $11,109.25.

WHEREFORE, RBest requests judgment in the amount of $8,815.40 plus late fees and legal fees in the agreed sum of $2,203.85 for a sum total of $11,109.25 against defendant..

### Count 6
### (Interest, Late Fees and Attorney's Fees)

27. RBest incorporates each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28. As a result of defendant's failure to make full payment of $8,815.40 RBest has lost the use of said funds.

29. In addition, pursuant to parties' agreement memorialized in RBest's Standard Sales Terms set forth on the back of the said written invoices heretofore provided by plaintiff to defendant, defendant is liable to RBest for late fees and legal fees in accordance with the formula set forth therein, to wit an agreed upon sum equivalent to $2,203.85, 25% of the unpaid balance (balance due of $8,815.40 + agreed upon fees of $2,203.85 for a total due and owing of $11,109.25).

30. As a further result of defendant's failure to make full payment promptly of $11,109.25, RBest has been required to pay attorney's fees, late fees and costs in order to bring this action to require

defendant to comply with its contractual and statutory duties.

WHEREFORE, RBest requests judgment against defendant for the sum $11,109.25 together with pre-judgment interest, costs and disbursements of this action.

DATED:   New York, NY
         September 7, 2005

                              by: _____
                                    Andrew Squire, Esq. (AS6696)
                                    Attorney for Plaintiff
                                    782 West End Avenue
                                    New York NY  10025
                                    212 864 6790

*53\rbest.harvest\wpd*